**HOFFMAN & POLLOK LLP**
ATTORNEYS AT LAW
260 MADISON AVENUE
NEW YORK, NY 10016
(212) 679-2900
FAX NO. (212) 679-1844

JEFFREY C. HOFFMAN
SUSAN C. WOLFE
WILLIAM A. ROME
LISA ROSENTHAL

ROBERT H. KIERNAN
(1973 - 1995)

March 17, 2014

Hon. Robert P. Patterson
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: <u>U.S. v. Gupta, 07-cr-177 (RPP)</u>

Dear Judge Patterson:

  This letter is submitted in response to the government's letter of March 10, 2014 on the issue of whether the statutes, 18 U.S.C §1746 and §2, can be violated when someone subscribes under penalty of perjury to a blank document to which an allegedly false statement is added some time later.

  The government cites *Rosemond v. U.S.*, 2014 WL 839184 at 4 (U.S.,2014) for the uncontroversial proposition that, where multiple people perform separate acts in furtherance of an offense, if all had the requisite intent, they would all be liable as aiders and abettors. The Court further stated that, under the law regarding the intent requirement for aiding and abetting, the intent must be to facilitate the commission of the offense; "[a]n intent to advance some different or lesser offense is not, or at least not usually, sufficient: Instead, the intent must go to the specific and entire crime charged— so here, to the full scope [of the offense charged]."

  Thus, if, for example, Mr. Gupta's intent was to have someone sign a blank document to which he intended to add allegedly false statements later, that is a different offense than the one charged in this case -- the signing of a document under oath that contains a false statement (and aiding and abetting or willfully causing it).

  The government cites two tax cases that are inapposite because the statutory language is different and the *jurat* language is different.

Hon. Robert P. Patterson
March 17, 2014
Page 2

In *U.S. v. Bass*, 425 F.2d 161, 163 (7th Cir. 1970), the defendant was charged with income tax evasion and he claimed that he signed his returns in blank. His signature appeared below the following language: "I declare under penalties of perjury that I have examined this return (including accompanying schedules and statements) and to the best of my knowledge and belief it is true, correct and complete."

Thus, the taxpayer-defendant swore that he examined a blank return and swore that he believed it to be true, correct and *complete.* That is a very different oath than the one contained in the immigration documents at issue in this case. In *Bass* the issue was the defendant's knowledge of the contents of the filed return, and the court held "it cannot be said that the effect of such statement is to attribute knowledge of the contents of the return to the taxpayer on the basis of his signature alone." The court further held that, "[w]e conclude that it is improper to charge a taxpayer with conclusive knowledge of the contents on the basis of the signature alone. The court's instruction created a conclusive presumption and it was in error." 425 F.2d at 163. Nothing about that holding has any bearing on the facts and circumstances of the case at bar.

Similarly, in *U.S. v. Harper*, 458 F.2d 891, 892 (7th Cir. 1971), the defendants were charged with knowingly subscribing to a false IRS form in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2. Section 7206(1) provides as follows:

> **(1) Declaration under penalties of perjury.**--Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

Although the opinion does not specify, the *jurat* was most likely the same as the one in *Bass,* decided just a year earlier by the same Circuit: "I declare under penalties of perjury that I have examined this return (including accompanying schedules and statements) and to the best of my knowledge and belief it is true, correct and complete." *Bass,* 425 F.2d at 163. The court in *Harper* simply confirmed that a signature on the return "is insufficient by itself to make knowledge of the contents of that return attributable to the signor." *Harper,* 458 F.2d at 894-895 (citations omitted).

The issue we are addressing here in Mr. Gupta's case is not the knowledge element, it is the signing under oath of a document containing a false statement when that document was blank.

More on point is the case of *U.S. v. Greulich*, 22 Fed.Appx. 807 (9th Cir. 2001)(unpublished). The court set aside the defendant's convictions under 26 U.S.C. § 7206(1) for making false statements on IRS forms regarding his gambling winnings at

Hon. Robert P. Patterson
March 17, 2014
Page 2

racetracks. The government alleged that the forms he submitted were false because they omitted the persons who were actually entitled to the winnings, creating the false impression that all of the winnings should be taxable to Greulich. In the first part of the two-part form, entitled "Person to Whom Winnings are Paid," Greulich listed only himself. "Part II of the form, entitled 'Person to Whom Winnings are Taxable,' instructed the person filling out the form to list all persons, including himself, entitled to any portion of the proceeds." Greulich left this Part of the form blank, not listing himself or any other persons as entitled to the payment. The court held that, since he did not list any names at all, "he did not violate the certification made under penalty of perjury that 'the names ... *which I have furnished* ... correctly identify each person entitled to any portion of the payment....' (emphasis added)." *Id.* at 808 (ellipses and emphasis original). As a result, the court found that the convictions under 26 U.S.C. §7206(1) must be set aside. *Id.*

The statute in Mr. Gupta's case, 18 U.S.C §1546, applies to "whoever knowingly makes under oath, or. . . knowingly subscribes [under penalty of perjury ] as true, any false statement with respect to a material fact in any [document] required by the immigration law . . . ." Since a blank form contains no statements of the signer, the document does not contain "any false statement" and the signer has not sworn to anything false.

For these reasons, since every client-witness testified either that the forms they signed were blank or may have been blank (El Dib), the government's theory that the defendant violated the first phrase of §1546 (makes or subscribes) should not be submitted to the jury.

Finally, with respect to Rehab El Dib, the undercover government cooperator, Mr. Gupta could not have aided and abetted her because she did not have the requisite intent to violate the law. We further submit that Mr. Gupta cannot have willfully caused her to knowingly sign under penalty of perjury a document containing false statements with respect to a material fact. She was not in fact under penalty of perjury because she had been instructed by the government to act as she did, and any false statements in the document (which may have been blank) were not as to material facts, because they could not have affected any decision of the Immigration Service.

Respectfully submitted,

*Susan C. Wolfe*

SUSAN C. WOLFE

cc: AUSA LEE Renzin