| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| UNITED STATES OF AMERICA<br><br>    -v.-<br><br>RAGHUBIR K. GUPTA,<br><br>                    Defendant. | **07 Cr. 177 (RPP)** |

**Government's Sentencing Memorandum**

PREET BHARARA<br>
United States Attorney for the<br>
Southern District of New York<br>
One St. Andrew's Plaza<br>
New York, New York 10007

Michael Gerber
Assistant United States Attorney
   *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

-v.-

RAGHUBIR K. GUPTA,

          Defendant.

07 Cr. 177 (RPP)

**Government's Sentencing Memorandum**

### I.    Background

The Government respectfully submits this sentencing submission in connection with the sentencing of defendant Raghubir K. Gupta. Indictment 07 Cr. 177 charged Gupta with one count of immigration fraud, in violation of 18 U.S.C. §§ 1546 and 2. On April 7, 2008, following a jury trial before the Honorable Deborah A. Batts, the defendant was found guilty. He was subsequently sentenced to a 51 months' imprisonment. On June 17, 2011, the United States Court of Appeals for the Second Circuit reversed the conviction and remanded for a new trial. The defendant was retried before this Court, and a jury found him guilty on March 14, 2014. (PSR ¶¶ 1-4). The defendant was incarcerated for approximately seven months, from January 26, 2010 to August 24, 2010. (PSR ¶ 6).

The PSR calculates a Guidelines range of 21 to 27 months' imprisonment, and recommends a sentence of 27 months' imprisonment. (PSR at 25). The defendant calculates a Guidelines range of 6 to 12 months, and asks for a sentence of probation. As set forth below, the Government believes that the correct Guidelines range is 12 to 18 months' imprisonment, and that a sentence within that range is appropriate under 18 U.S.C. § 3553(a).

**II.     Gupta's Offense Conduct**

The defendant is an attorney who practiced immigration law.  His main office was in Brooklyn, New York.  On his letterhead, he emphasized that he had served as a judge in India.  (PSR § 10).

The evidence at trial established that the defendant violated Sections 1546 and 2 in two ways.  First, the defendant caused his clients to complete applications for an amnesty program and sign those applications under penalty of perjury, which applications he knew would contain false statements that could have influenced the decisions of the United States Citizenship and Immigration Services ("USCIS").  Second, the defendant caused his staff to submit application forms that he knew contained false statements to USCIS.  (PSR § 11).

The Government's evidence at trial included: (1) the testimony of Rehab Eldib, a confidential source who posed as a client and met with Gupta; (2) recording of conversations between Eldib, her husband (who was also posing as a client), and Gupta; (3) the live testimony of two former clients of Gupta, and a read back of the prior testimony of a third client; and (4) documentary evidence.  (PSR § 12).

**III.    Guidelines Calculation**

The Probation Office applied U.S.S.G. § 2L2.1, with a base offense level of 11.  The Probation Office added three levels pursuant to U.S.S.G. § 2L2.1(b)(2)(A) because it concluded that the offense conduct involved between six and twenty-four documents, and added two levels pursuant to U.S.S.G. § 3B1.3 because the defendant, as an immigration lawyer, used a special skill that significantly facilitated the commission of the offense.  (PSR §§ 37-40).  The defendant has no prior convictions, and accordingly his criminal history is I.  (PSR § 47).

The Probation Office applied the enhancement for six or more documents based on information provided to the Government by former clients of the defendant who did not testify at trial but who described additional fraudulent applications prepared by the defendant. (PSR §§ 30-31, 38). The Government does not intend to offer proof regarding these additional fraudulent applications at a *Fatico* hearing, and accordingly the Government is not seeking an enhancement for offense conduct involving six or more documents. Therefore the Government believes that the total offense level is 13, with a resulting Guidelines range of 12 to 18 months' imprisonment.

## IV. Discussion

### A. Applicable Law

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *United States* v. *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission

3

(§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *Gall* v. *United States*, 552 U.S. at 50 n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *see also Rita* v. *United States*, 551 U.S. at 349. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure

that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

      **B.**      **U.S.S.G. § 2L2.1 is the Appropriate Guideline**

The defendant argues that U.S.S.G § 2L2.2 is the applicable Guideline in this case, rather than § 2L2.1. The defendant previously raised this claim on appeal from his initial conviction, and the Second Circuit squarely rejected it. *See United States* v. *Gupta*, 426 Fed. Appx. 12, 2011 WL 2417591, at *2 (2d Cir. June 17, 2011) (summary order) ("We have previously upheld a sentencing court's application of § 2L2.1 in circumstances analogous to Gupta's, and we see no reason to reach a different conclusion here."). Given the Second Circuit's ruling in this very case, the Court should reject Gupta's attempt to relitigate the argument that he already lost.[1]

      **C.**      **A Sentence In The Guidelines Range Would Be Sufficient, But Not Greater Than Necessary, To Achieve The Legitimate Purposes Of Sentencing.**

The Government submits that a sentence within the Guidelines range would be sufficient, but not greater than necessary, to comply with several specified purposes of sentencing. Specifically, a sentence of this magnitude is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence. *See* 18 U.S.C. § 3553(a).

The defendant is an attorney who practiced law for over twenty years in the United States and held himself out as an expert in immigration law. He was formerly a judge in India. Yet the defendant abused his position of trust in the community to deceive the USCIS. For a hefty fee,

---

[1] Because the Government is not seeking the three-level enhancement for between 6 and 24 documents, the defendant's other challenges to the Guidelines calculation are inapplicable.

the defendant instructed his clients to fill out amnesty applications with false information that would make them appear to qualify for the amnesty program. (PSR § 27). Put simply, the defendant was well-aware of how to manipulate the immigration system, and he charged his clients a substantial sum of money to do so.

Through the defendant's scheme, he displayed a callous willingness to take advantage of vulnerable clients desperate for his assistance in their efforts to remain in the United States. Although these clients knew that they were lying on the applications, the defendant was more than willing to explain to them what lies were necessary, to place them in legal jeopardy, and to take substantial sums of money from them. Given the nature of the defendant's conduct and the brazenness with which he carried out his scheme, a guidelines sentence is warranted.

Moreover, the defendant's statements following his first conviction before Judge Batts demonstrate that he does not appreciate the seriousness of his conduct, and indeed, is not remorseful for that conduct. In opposition to an attempt to prevent Gupta from practicing law before the USCIS, he wrote:

> I was found guilty on one case of a Amnesty Settlement Program [sic]. I believe no one in the courtroom fully understood this type of program . . . . In my view the jury system has one Shakeespearn [sic] flaw. Top attorney [sic] and judges worked so hard on the charging document. In my case it took about 10 hours. Did the system make sure that the jury understood fully all the elements of the charge? Take the test, if need be. Otherwise ignorant people end up deciding the intricate cases. . . . It takes many years to create a base for private practice and build a name. During the suspension, this will wither away . . . . Lastly, no client has complained about me. (PSR ¶¶ 79-80).

For these reasons, the Government submits that a Guidelines sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

**V.	Conclusion**

For the foregoing reasons, a sentence within the Guidelines range would be sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing.

Dated:	White Plains, New York
	October 3, 2014

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney for the
> Southern District of New York
>
>
> By:	/s/ Michael Gerber
> 	Michael Gerber
> 	Assistant United States Attorney
> 	Tel.: (914) 993-1958