**MANDATE**

14-4048-cr
United States v. Gupta

N.Y.S.D. Case #
07-cr-0177(RPP)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT:  BARRINGTON D. PARKER,
          GERARD E. LYNCH,
          SUSAN L. CARNEY,
                   *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/05/2015

UNITED STATES OF AMERICA,
            *Appellee*,

            v.                                    No.   14-4048-cr

RAGHUBIR K. GUPTA,
            *Defendant-Appellant.*

**FOR APPELLANT:**    RITHER ALABRE (Susan C. Wolfe, *on the brief*), Blank Rome LLP, New York, NY,

**FOR APPELLEE:**     MICHAEL GERBER, Assistant United States Attorney (Margaret Garnett, Assistant United States Attorney, *on the brief*),  *for* PREET BHARARA, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *J.*).

**MANDATE ISSUED ON 11/05/2015**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Raghubir Gupta appeals from a judgment of conviction for causing the false subscription to, and the submission of fraudulent immigration documents, in violation of Title 18, United States Code, Sections 1546(a) and 2(b).[1] We assume the parties' familiarity with the facts and procedural history.

First, Gupta argues that under § 1546(a), the false statement and swearing under oath or penalty of perjury must be "simultaneous." Gupta instructed his clients to write false answers on a questionnaire and sign blank amnesty applications. Using the answers from the questionnaires, Gupta's staff would type up the applications. Gupta would then sign them as the preparer and submit them to the USCIS. Contrary to Gupta's argument that "common sense" requires that the false statement and swearing under oath be simultaneous, one must either swear first and then make the statements, as one typically does when testifying in court, or make the statements first, then swear to their truth, as one typically does when signing a document. The order of swearing and asserting makes no difference. The fact that the false information was transferred to a form signed and sworn to in advance does not avoid a violation of § 1546(a), where both Gupta and his clients understood that the clients were swearing to the truth of information that all involved knew was false.

---

[1] Gupta was first tried and convicted in 2008, but this conviction was reversed because of procedural errors not relevant here. See United States v. Gupta, 699 F.3d 682 (2d Cir. 2012).

1    Second, Gupta argues that he cannot be held liable as a principal under § 2(b) for

2    the acts of the government's confidential informant, because the informant was acting at

3    the direction of the government, and therefore was not under penalty of perjury when she

4    signed the application form.  The argument is without merit.  The government informant

5    did sign the form under penalty of perjury; she simply had a defense that she was acting

6    under government direction.  Her defense does not avail Gupta.  As we have held, "if the

7    defendant willfully caused an act that, had he performed it directly, would be an offense

8    against the United States, he may be prosecuted under § 2(b) *even though the agent who*

9    *committed the act is innocent or acquitted.*"  United States v. Concepcion, 983 F.2d 369,

10   384 (2d Cir. 1992) (emphasis added) (internal quotation marks omitted).

11   Third, Gupta argues that the district court erred by failing to instruct the jury that

12   to convict him under the "presenting" prong of § 1546(a) (whoever "knowingly presents

13   any such application . . . which contains any such false statement"), the jury must find

14   that the false statements were made under penalty of perjury.  The argument is unavailing.

15   First, it is foreclosed by United States v. Khalje, 658 F.2d 90 (2d Cir. 1981), which holds

16   that the reference to "such false statement" in the "presenting" prong does not incorporate

17   the "penalty of perjury" requirement.  Gupta urges us to overrule Khalje, but only the

18   Court sitting en banc, or the Supreme Court, may do that.  See United States v.

19   Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004).  Second, even if Khalje were overruled,

20   Gupta's conviction would still have to be affirmed.  The jury returned a special verdict

21   finding Gupta guilty *both* of causing another to make a false statement under penalty of

1   perjury *and* of presenting false statements to the USCIS.  Since the former finding is

2   unaffected by Gupta's argument, and since the jury did find that the statements in

3   question were made under penalty of perjury, any error was harmless.

4       Finally, Gupta's argument that the district court improperly instructed the jury on

5   the "willfully" component of § 2(b) is without merit.  He contends that rather than

6   defining willfully as "knowingly and intentionally," the district judge should have

7   instructed the jury that willfully means "with a bad purpose to do something that the law

8   forbids."  The argument is foreclosed by our precedent.  Although "willfully" sometimes

9   has the meaning Gupta suggests, see, e.g., Bryan v. United States, 524 U.S. 184 (1998),

10  the word is notoriously "a word of many meanings," id. at 191.  In the context of § 2(b),

11  we have held that in order to establish willfulness, "the government need not prove a

12  knowing violation of the law," and "a defendant with the mental state necessary to violate

13  the underlying section is guilty of violating [§ 2(b)] if he *intentionally* causes another to

14  commit the requisite act."  United States v. Gabriel, 125 F.3d 89, 101 (2d. Cir. 1997),

15  abrogated on other grounds by Arthur Andersen LLP v. United States, 544 U.S. 696,

16  705–06 (2005).  The district judge here properly instructed the jury that in order to

17  convict, it had to find that Gupta acted with the requisite intent to violate the underlying

18  statute, that is, that he knew the statements were false, and that he intended to cause

19  another to commit the requisite act.  Joint App'x 103–04.

20

21

1	We have considered Gupta's remaining arguments and find them to be without
2	merit.  Accordingly, we **AFFIRM** the judgment of the district court.
3
4
5	                    FOR THE COURT:
6	                    CATHERINE O'HAGAN WOLFE, Clerk of Court
7
8
9

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5